UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    CASE NO.  8:10-CR-227-T-17TGW

MICHAEL CHADWICK.

_____/


ORDER

This cause is before the Court on:


Dkt. 48    Unopposed Motion to Terminate Supervision

Defendant Michael Chadwick moves for early termination of supervised release. Defendant Chadwick began a three year term of supervised release on November 23, 2011.

Defendant Chadwick states that, during the term of his incarceration, detention, and supervised release, Defendant Chadwick has had no issues of any kind. Defendant Chadwick further states that he has paid his dutifully paid his restitution and has established a fixed allotment with the Financial Litigation Unit which is paid monthly to the Debt Collection Unit by automatic deduction from his paycheck.  Defendant Chadwick states that to date over $80,000 has been paid toward restitution.

Defendant Chadwick entered into a plea agreement as to Count I, conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. Sec. 371.  (Dkt. 3). Defendant Chadwick was sentenced on October 28, 2011 to a term of incarceration followed by a term of supervised release.  (Dkt. 29).  Defendant Chadwick's sentence further included criminal restitution of $1,266,156.00.  A Forfeiture Money Judgment in the amount of $324,000.00 was entered and is part of Defendant's sentence.

Case No. 8:10-CR-227-T-17TGW

      If a defendant has completed one year of supervised release, 18 U.S.C. Sec. 3583(e) permits the Court to terminate supervised release prior to completion of the entire term, if the Court is satisfied that such action is: 1) warranted by the conduct of the defendant; and 2) is in the interest of justice.   In making this determination, the Court considers the factors set forth in 18 U.S.C. Sec. 3553(a), to the extent they are applicable.

      The Court has considered these factors, has reviewed the docket and pleadings, and has consulted with Defendant's supervising probation officer.   Defendant Chadwick has maintained employment and has had no violations.   Defendant Chadwick has complied with the terms of supervised release.   However, early termination is not warranted as a matter of course; it is only occasionally justified due to changed circumstances of a defendant, such as exceptionally good behavior.  <u>U.S. v. Sheckley</u>, 129 F.3d 114 (2d Cir. 1997)(internal quotations omitted).  Defendant has not cited any facts that demonstrate exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination of his supervised release.  Full compliance is what is expected of all people serving terms of supervised release.  <u>Karacsonyi v. U.S.</u>, 152 F.3d 918 (2d Cir. 1998). In light of the serious nature of the charged conduct and the restitution which remains outstanding, the Court denies Defendant Chadwick's Motion to Terminate Supervision.  Accordingly, it is

      **ORDERED** that Defendant Chadwick's Unopposed Motion to Terminate Supervision (Dkt. 48) is **denied**.

Case No. 8:10-CR-227-T-17TGW

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 25th day of February, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record